Cameron Lee FITTS, Plaintiff–
Appellant,

v.

Ardeshir FAGHIHNIA, Dr.,
Defendant–Appellee.

No. 00–2272.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

## ORDER

Cameron Lee Fitts, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Fitts filed suit against a prison doctor (Faghihnia) in his individual capacity on July 15, 1999. Fitts asserted that: 1) Faghihnia violated the Eighth Amendment by exhibiting deliberate indifference to Fitts's serious medical needs; and 2) Faghihnia retaliated against him for filing a grievance against a nurse. In his answer, Faghihnia raised several affirmative defenses, including Fitts's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Faghihnia thereafter moved for summary judgment and again noted Fitts's failure to exhaust. A magistrate judge acknowledged that Fitts had apparently not exhausted his remedies, but found that Faghihnia did not "specifically raise" the issue of exhaustion, and concluded that this omission required an examination of the merits of the summary judgment motion. The magistrate judge then recommended granting summary judgment to Faghihnia on the merits in a report issued August 10, 2000. Upon de novo review and over Fitts's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the action.

In his timely appeal, Fitts essentially reasures his claims. He also moves for the appointment of counsel.

Upon review, we conclude that the district court should have dismissed Fitts's complaint without prejudice because he did not exhaust his available administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the prisoner's complaint, the court must determine that the prisoner has complied with this exhaustion requirement, even if the issue is not raised by the defendant. *Id.* Although monetary damages may not be available through the prison grievance process, a prisoner must still exhaust any administrative remedies available. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1822, 149 L.Ed.2d 958 (2001); *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). The prisoner cannot abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner must attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El*, 215 F.3d at 642.

 Fitts did not meet his burden of demonstrating that he exhausted all administrative remedies available to him through Michigan's three-step administrative process for raising complaints about prison conditions. *See* Michigan Department of Corrections Policy Directive No. 03.02.130 (June 5, 1995); Michigan Department of Corrections Operating Procedure No. OP–DWA–62.01 (June 5, 1995). Fitts neither attached any copies of grievances or administrative dispositions, nor did he describe with specificity the administrative proceeding and its outcome. Instead, Fitts generally alleged that unit staff denied him grievance forms and that he instead sent letters to numerous prison officials, raising issues "parallel" to those in his complaint. In his objections to the magistrate judge's report, Fitts further alleged that he no longer had any copies because he had sent all of his copies to Jesse Jackson. These allegations are insufficient to demonstrate compliance with the statutory requirements of § 1997e.

Accordingly, all pending motions are denied, the district court's judgment is vacated, and the case is remanded for dismissal without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.