Jerry A. FLOYD, Jr., a.k.a.
Troy Miller, Plaintiff,

v.

SHELBY COUNTY, TENNESSEE; A.C. Gilless, individually and in his official capacity as Sheriff of Shelby County, Tennessee; Marron Hopkins, individually and in his official capacity as Chief Jailer of Shelby County, Tennessee; and Jim Rout, individually and in his official capacity as Mayor of Shelby County, Tennessee, Defendants.

No. 01–2293 BRE.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 23, 2001.

Bradley J. Cordts, Kevin D. Balkwill, Memphis, TN, for Plaintiff.

Fred E. Jones, Jr., Memphis, TN, Brian L. Kuhn, Memphis, TN, for Defendant.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BREEN, United States Magistrate Judge.

Before the court is the motion of defendants to dismiss the instant lawsuit or, in the alternative, for summary judgment, pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Procedure, respectively.[1] The plaintiff responded to the motion and a hearing was conducted thereon. At the conclusion of the hearing, counsel were permitted to supplement their briefs. The court has received the briefs of the parties and, upon considered review of same, finds, for the reasons set forth herein, that dismissal is appropriate.

In his complaint filed May 25, 2001, plaintiff, Jerry A. Floyd, averred that, while incarcerated at the Shelby County Jail in Memphis, Tennessee in April 2000, he was beaten by other inmates who were alleged members of a violent street gang, the Gangster Disciples. At the time the complaint was filed, Floyd was an inmate at the Shelby County Penal Farm, having been convicted of aggravated burglary, domestic assault, and auto theft. Plaintiff initiated this action for money damages and injunctive relief, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth amendments to the United States Constitution as well as the Constitution of the State of Tennessee.

In support of their motion, defendants argue that plaintiff failed to exhaust his administrative remedies as required by statute. Under 42 U.S.C. § 1997e, Prison Litigation Reform Act of 1995 (the "PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.), *cert. denied,* 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998), the Sixth Circuit interpreted the statute thusly:

> In light of the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based, this court will henceforth require that prisoners

1. The parties consented to the undersigned's handling of this case pursuant to 28 U.S.C. § 636(c)(1).

filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. . . .

* * * * * *

 ... The statutory language, "no action shall be brought" until all available remedies are "exhausted," should be interpreted to mean precisely what is obviously intended—that a federal court should not prematurely "decide" the merits of any such action. Federal courts should not adjudicate any such claim until after exhaustion ... [2]

In order to effectuate the language of the statute, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). If a plaintiff fails to provide such particularized averments demonstrating the nature of administrative proceedings and their outcome, the action must be dismissed. *Id.* The burden of showing that administrative remedies have been exhausted rests with the plaintiff. *Brown*, 139 F.3d at 1104.

 A prisoner may not exhaust administrative remedies while his federal lawsuit is pending. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Moreover, a plaintiff may not simply fail to file a grievance or abandon the process and claim that he has exhausted his administrative remedies or that it is futile for him to do so because a grievance is time-barred. *Hartsfield v. Vidor*, 199 F.3d 305,

309 (6th Cir.1999). Where the prison facility has an administrative process that will review the prisoner's complaint, he must exhaust under the PLRA even if the grievance procedure does not provide for the relief sought in the federal court action. *See Booth v. Churner*, 531 U.S. 956, 731–33, 121 S.Ct. 1819, 1820–21, 149 L.Ed.2d 958 (2001); *Curry v. Scott*, 249 F.3d 493, 503–04 (6th Cir.2001) (citing cases); *Knuckles El*, 215 F.3d at 642; *Wyatt v. Leonard*, 193 F.3d 876, 877–79 (6th Cir. 1999).

According to the testimony of Debra Burns, a Shelby County Jail counselor, all inmates booked into the Jail are provided, as part of the intake process, with a copy of the Jail's handbook, which contains, along with other information, the procedure for initiating an inmate complaint. Inmates wishing to utilize the grievance procedure are to complete complaint forms provided by a counselor, one of whom is located on each floor of the facility. Forms may also be passed out by a jailer. Once a form is completed and logged in, the matter is investigated. Burns stated that oral complaints to jailers did not constitute a grievance but that officers may refer inmates with complaints to the counselor, although they were not required to do so. She recalled having no records concerning the plaintiff in this case.

 Indeed, Floyd concedes that he did not utilize the Jail's administrative procedures but argues that dismissal of his lawsuit, which asserts a valid claim, would constitute an extremely harsh result. He attempts to overcome the exhaustion requirement by maintaining that he undertook to obtain redress for his injuries, but to no avail. Plaintiff insists at the outset

---

**2.** The statute's exhaustion requirement applies only to cases filed on or after April 26, 1996, the effective date of the PLRA. *See Brown*, 139 F.3d at 1104 (citing *White v.*

*McGinnis*, 131 F.3d 593, 595 (6th Cir.1997)). All of the incidents associated with plaintiff's complaint occurred after that date.

that he did not receive a copy of the Jail handbook and, therefore, was unaware of the procedure set forth therein. In addition, he contends that he was asked on more than one occasion by Jail personnel whether he wanted to press charges against his attackers and answered in the affirmative, but apparently did not inquire into any process available through which he could air his grievances. At one point, a Jail officer filled out some kind of form in his presence that Floyd assumed was a complaint. He did not see the form and did not question the officer concerning its contents. (Aff. of Pl., Jerry A. Floyd at 2–3.) Plaintiff further alleges that he was discouraged from pursuing his claim by a drug treatment counselor at the Jail's penal farm, who informed him that the filing of any claim against the gang members would jeopardize his ability to remain in treatment. (Aff. of Pl., Jerry A. Floyd at 3.) While it is not entirely clear whether he knew of the existence of complaint forms that could be obtained from the counselor on his floor, there is no indication that he ever attempted to speak with that individual. Nor did he make any effort to submit any form of written complaint on his own. While it is sympathetic to the plaintiff's plight, the court finds that dismissal is unavoidable in this case as the exhaustion requirement is a mandatory one. Plaintiff's attempts to excuse his failure to exhaust are unavailing. *See Taylor v. Henson,* No. 99–6026, 2000 WL 658667, at *1 (6th Cir. May 10, 2000) (exhaustion requirement must be met even where jail administrator told the plaintiff that a grievance was not necessary). Although plaintiff's actions may have constituted "substantial compliance" with the applicable administrative process, such compliance is not sufficient to satisfy the exhaustion requirement set forth in the PLRA. Only when the prisoner's claim arose prior to the effective date of the statute may the plaintiff proceed with his federal claim on

a showing that he made a good faith effort to utilize the administrative process. *See Wolff v. Moore,* 199 F.3d 324, 327 (6th Cir.1999).

As the plaintiff has failed to carry his burden of demonstrating that he has exhausted his administrative remedies, the defendants' motion is GRANTED and the complaint is hereby DISMISSED without prejudice. Upon exhaustion of his administrative remedies, Floyd may refile his complaint. *See Williams v. Yount,* No. 01–5236, 2001 WL 1176325, at *1 (6th Cir. Sept.27, 2001).