**Arthur JOHNSON, Jr., Plaintiff–Appellant,**

v.

**RUO ENTERLINE, et al., Defendants–Appellees.**

No. 01–1389.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Arthur Johnson, Jr., a Michigan prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and injunctive relief, Johnson sued 17 officers and employees of Ionia Maximum Correctional Facility, at which he is incarcerated, alleging various violations of his rights under the First, Fourth, and Eighth Amendments. Johnson did not specify the capacity in which he sued the state employees.

In a report filed on January 11, 2000, a magistrate judge recommended that Johnson's complaint be dismissed in part as

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

frivolous or for failure to state a claim. The magistrate judge determined that six claims for injunctive relief could not be dismissed at that time: (1) Fourth Amendment claims against defendants Kryscio, Boyak, Thomma, Harris, Djerf, Hall, Merrick, and Betz; (2) access to the courts claim against Enterline; (3) Eighth Amendment claims against Chartrand and Place for lack of hygiene products; (4) due process claim against Place for spraying him with a harmful amount of chemical spray; (5) Eighth Amendment claim against Enterline for attempting to kill him with a fire extinguisher; and (6) Eighth Amendment claim against Immel and Djerf for assault. The district court overruled Johnson's objections, adopted the magistrate judge's report, and dismissed those claims recommended for dismissal in the report and recommendation.

The defendants subsequently filed a motion to dismiss pursuant to 42 U.S.C. § 1997e on the ground that Johnson had failed to exhaust his administrative remedies regarding his claims. Johnson responded that he did file grievances, but they were attached to and submitted with pleadings in another case. Johnson also moved for a temporary restraining order (TRO) and/or a preliminary injunction.

The magistrate judge recommended that Johnson's motion for injunctive relief be denied and that his remaining claims be dismissed for failure to exhaust administrative remedies in a report filed on October 23, 2000. Alternatively, the magistrate judge recommended that several other claims and defendants should be dismissed for failure to state a claim upon which relief may be granted. Johnson did not file objections to the magistrate judge's report. In an order and judgment filed on January 9 and entered on January 17, 2001, the district court approved the magistrate judge's report and dismissed the complaint for the reasons stated therein. Johnson's motion for reconsideration was denied in an opinion and order entered on May 10, 2001.

On appeal, Johnson argues that the district court erred in dismissing his complaint because he did exhaust his available administrative remedies and because he did not receive the October 23, 2000, report and recommendation. He seeks to raise the following specific issues: (1) improper search by Kryscio; (2) assault with fire extinguisher by Enterline; (3) improper placement on combustible and food loaf restrictions by Stine; and (4) denial of access to the courts by Enterline, Niemisto, and Larson. Johnson moves for the appointment of counsel on appeal.

Upon review, we deny the motion for the appointment of counsel and affirm the district court's judgment.

■■■ Johnson has waived his right to appeal the district court's judgment because he did not file objections to the magistrate judge's report and recommendation. *See United States v. Real Property Located at 1184 Drycreek Rd.*, 174 F.3d 720, 725 (6th Cir.), *cert. denied*, 528 U.S. 987, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). This rule is not absolute and this court may excuse such default in the interest of justice. *Real Property Located at 1184 Drycreek Rd.*, 174 F.3d at 725–26. We decline to depart from the general rule in this case. Johnson claimed in his motion for reconsideration that he never received the magistrate judge's report of October 23, 2000.

■■ Moreover, the district court did not err in dismissing Johnson's complaint for failure to exhaust administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies, even in money damages cases, before filing in federal court a civil

rights action challenging the conditions of his confinement. *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir. 1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* The plaintiff must exhaust the procedures prior to filing suit and not while his suit is pending in federal court. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt,* 193 F.3d at 878; *Brown,* 139 F.3d at 1104. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). This dismissal should be without prejudice. *Wyatt,* 193 F.3d at 879. Johnson failed to comply with the requirements of § 1997e.

Accordingly, Johnson's motion for the appointment of counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.