**Lester Sylvester GENTRY, Plaintiff–Appellant,**

**v.**

**Sally MAXWELL, Nurse; James Kemper, Jailer; Bill Reed, Class D Coordinator, Defendants–Appellees.**

**No. 01–6189.**

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

*ORDER*

Lester Sylvester Gentry, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Gentry filed a complaint against the following officials employed at the Franklin County Correctional Complex, where Gentry is incarcerated: Nurse Sally Maxwell, Class D Coordinator Bill Reed, and Jailer James Kemper. Gentry alleged that Maxwell has denied him proper medical attention and been negligent in performing her duties. Gentry also alleged that Maxwell retaliated against him, by writing him a misconduct ticket for talking in the medicine line, because he had filed grievances against her. Gentry alleged that Reed has turned a deaf ear to his grievances and medical needs and that Kemper has not responded to his letters regarding his medical needs.

Upon screening the complaint pursuant to the provisions of 28 U.S.C. § 1915A, the district court dismissed Gentry's complaint without prejudice for failure to exhaust available administrative remedies. Gentry has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit pursuant to the provisions of § 1915A. *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). We also review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement applies even when the prisoner seeks monetary damages that may not be available through the grievance system, as long as the prison system has an administrative process that will review a prisoner's complaint. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Knuckles El,* 215 F.3d at 642; *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999).

Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt,* 193 F.3d at 879; *Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Gentry's complaint without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Gentry failed to demonstrate that he had exhausted his administrative remedies as to each of the claims raised in his complaint against each of the defendants prior to filing suit in federal court. Even though Gentry may have filed several grievances against Maxwell, there is no evidence that those grievances concerned the events of which the instant action complains. Furthermore, there is no evidence that Gentry pursued those grievances through the final stages of the administrative review process in order to exhaust his administrative remedies. A prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.