**Joseph Raymond ZIEGLER,**
**Plaintiff–Appellant,**

v.

**Bob MARTIN, et al., Defendants–**
**Appellees.**

No. 01–2677.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2002.

Before KRUPANSKY and CLAY, Circuit Judges; GWIN, District Judge.*

Joseph Raymond Ziegler, a Michigan state prisoner, moves for injunctive relief and appeals pro se the district court judgment in favor of defendants in this civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Ziegler filed a complaint naming nine employees of the Michigan Department of Corrections as defendants, and asserting a number of claims. Both parties moved for summary judgment, and the matter was referred to a magistrate judge, who recommended that defendants' motion be granted. The magistrate judge found that some of the claims had not been exhausted pursuant to 42 U.S.C. § 1997e(a), and that defendants were entitled to summary judgment on the remainder of the claims. Ziegler filed objections to the magistrate judge's report, as well as a motion to amend his complaint to add claims arising subsequent to its filing, and a motion for injunctive relief. The district court denied Ziegler's motions and adopted the magistrate judge's recommendation to grant judgment to defendants.

On appeal, Ziegler reasserts the merits of each of the claims raised below. He also argues that the finding of failure to exhaust administrative remedies as to some of the claims was erroneous, that 42 U.S.C. § 1997e(a) is unconstitutional, and that the district court erred in denying his motions to amend and for injunctive relief.

Upon review, we conclude that the district court's judgment must be affirmed for the reasons stated in the magistrate judge's report and the district court's opinion.

■ Two of the claims raised below were properly dismissed without prejudice for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). Ziegler failed to show that he filed a grievance concerning his allegation that a prison guard solicited another prisoner to assault him. On appeal, Ziegler argues that he exhausted remedies regarding this claim by filing a "Request for Declaratory Ruling" under state law. However, this court has held that prisoners must exhaust the institutional grievance procedure, not some alternative remedy that is not designed to address prison conditions. *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999). Ziegler also failed to exhaust administrative remedies regarding his claim that his radio was confiscated without due process until after this complaint had been filed. The prison grievance process must be completed before the filing of the complaint in order to satisfy § 1997e(a). *Id.* at 643. We need not address Ziegler's argument that § 1997e(a) is unconstitutional, as it was not raised below. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993). Therefore, the dismissal of these two claims for failure to exhaust administrative remedies is affirmed.

Defendants were properly granted summary judgment on the remaining claims, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

■ Ziegler claimed that a prison guard retaliated against him for writing letters "celebrating" the death of another guard, by filing a false misconduct charge against him. In order to state a claim of retaliation, Ziegler was required to show that he engaged in protected conduct, that he was subjected to an adverse action, and that there was a causal connection between the protected conduct and the adverse action. *Thaddeus–X v. Blatter,* 175 F.3d 378, 386 (6th Cir.1999) (en banc). In this case, even assuming that writing letters celebrating the death of a prison guard is protected conduct, Ziegler failed to demonstrate the existence of the remaining elements of his claim. Although he alleges that a "false" misconduct report was filed, nothing in the record supports this conclusion. The charge was ultimately dismissed only because evidence which Ziegler had requested was not made available to him at the disciplinary hearing, not because there was any indication that he was not guilty of the charged offense. Filing a misconduct charge that is based on a prisoner's misconduct is not an adverse action. Nor did Ziegler show any causal connection between the two events, relying solely on his own conclusion. Therefore, defendants were entitled to summary judgment on this claim.

Ziegler also claimed that a supervisory defendant failed to investigate his claim that the prison guard solicited another prisoner to assault him. Defendants supported their motion for summary judgment with documentation establishing a thorough investigation of this allegation, which Ziegler failed to refute. Therefore, summary judgment was also proper on this claim.

Ziegler's next claim was that defendants violated the Eighth Amendment when, in response to his threats to commit suicide, accompanied by barricading himself in his cell and telling a guard that he had swallowed a razor blade, he was placed in soft restraints on his bed. In support of their summary judgment motion, defendants submitted a video tape of this entire episode, which the magistrate judge viewed. He concluded that no evidence supported Ziegler's claim. Ziegler did not meet his burden of showing an unnecessary and wanton infliction of pain, *see Brooks v. Celeste,* 39 F.3d 125, 127–28 (6th Cir.1994), or that force was applied maliciously and sadistically rather than in good faith. *See Caldwell v. Moore,* 968 F.2d 595, 599–601 (6th Cir.1992). Ziegler pointed to no evidence which would demonstrate error in the magistrate judge's findings, and summary judgment was therefore proper.

■ Ziegler also claimed that he was not permitted yard exercise time or telephone access during working hours for slightly over one month, because he was classified as having refused a job assignment. He was permitted out of his cell during working hours for meals, showers, medical appointments, visits, and, after two weeks, for religious programming. He pursued the proper remedy for having himself classified as medically unable to work, and was then permitted yard exercise and telephone access during working hours again. Defendants were entitled to judgment on Ziegler's challenge to this prison rule, as it was reasonably related to the legitimate penological objective of not rewarding prisoners who refuse work assignments with more privileges than those who accept prison employment. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Ziegler also argues that he was discriminated against on the basis of a disability in violation of federal and state disability discrimination laws. However, he failed to state a claim under either federal or state law, as he was not arguing that he was qualified for a

job assignment and was refused employment on the basis of a disability. *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 & n. 3 (6th Cir.1996).

Finally, defendants were properly granted summary judgment on Ziegler's claim that they were involved in a conspiracy to violate his rights in violation of 42 U.S.C. § 1985. In order to state a claim under this provision, Ziegler had to establish a conspiracy by defendants to deny him equal protection of the laws, motivated by racial or class animus, which caused him injury. *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir.1999). Ziegler established the existence of no facts in support of his conclusory allegation of this claim.

We need not address the issue disputed by the parties as to whether some of the supervisory defendants were liable for any injury on the basis of respondeat superior, as Ziegler failed to establish any constitutional violations. The remaining arguments raised on appeal are also without merit. The district court did not abuse its discretion in denying Ziegler's motion for injunctive relief, as he had no likelihood of success on the merits of his claims. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000), *cert. denied,* 532 U.S. 1038, 121 S.Ct. 1999, 149 L.Ed.2d 1002 (2001). There was also no abuse of discretion by the district court in denying Ziegler's motion to amend his complaint to raise additional claims which allegedly accrued during the pendency of this action.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.