Leo **MCKAYE**, Plaintiff–Appellant,

v.

Dave J. **BURNETT**, Richard Stapleton, Bill Martin, Ricky Coleman, A. Dahlstrom, Kenneth Epps, Ken Gearin, and Barbara Bouchard, in their individual and official capacities, Defendants–Appellees.

No. 03–1010.

United States Court of Appeals, Sixth Circuit.

July 13, 2004.

**516**

Leo McKaye, East Lake, MI, pro se.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

GIBBONS, Circuit Judge.

Plaintiff-appellant Leo McKaye, a *pro se* Michigan prisoner, filed a civil rights action under 42 U.S.C. § 1983 against numerous prison officials. The United States District Court for the Western District of Michigan dismissed McKaye's case for failure to exhaust administrative remedies. McKaye appeals the dismissal of his suit, contending that he completed steps apart from the Michigan Department of Corrections ("MDOC") grievance procedure that nonetheless satisfy the exhaustion requirement. For the reasons set forth below, we affirm the decision of the district court.

**I.**

McKaye is a state prisoner who is housed with the MDOC. He brought a civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials in their official and individual capacities, asserting that he had been deprived of the free exercise of his religion, as a member of the Nation of Islam, and to equal protection as a result of restrictions imposed upon him while he has been incarcerated.

Prior to filing his complaint in district court, McKaye filed a series of grievances concerning his treatment in prison. The district court concluded, however, that McKaye had failed to exhaust his administrative remedies and dismissed his complaint without prejudice. McKaye filed a motion for reconsideration with the district court, which was denied, and appealed the district court's decision.

**II.**

We review the district court's dismissal of a complaint for failure to exhaust administrative remedies *de novo. Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). "The Prison Litigation Reform Act prohibits inmates from challenging prison conditions in federal courts until they have exhausted their available administrative remedies." *Thomas v. Woolum,* 337 F.3d 720, 725 (6th Cir.2003) (citing 42 U.S.C. § 1997e(a)). A prisoner does not exhaust his administrative remedies if he fails to start the grievance process or to complete all potential appeals. *Id.* at 726–27; *see also Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999) (affirming dismissal of § 1983 action when prisoner filed federal complaint before allowing administrative process to be completed). The burden is on the prisoner to demonstrate that he has exhausted all available state administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision in his case, *id.,* or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). When a prisoner does not exhaust his administrative remedies before filing a § 1983 suit in federal court, it is appropriate to dismiss his complaint. *See Freeman,* 196 F.3d at 645.

McKaye does not assert that he exhausted his administrative remedies provided by the MDOC. Rather, he claims that, because he made a request for a declaratory ruling pursuant to Mich. Admin. Code r.

791.1115, and he never received a response, this request should serve to exhaust his administrative remedies. We have previously rejected this precise argument, concluding that a request for a declaratory ruling pursuant to the Michigan Administrative Code does not exhaust a prisoner's administrative remedies because "prisoners must exhaust the institutional grievance procedure, not some alternative remedy that is not designed to address prison conditions." *Ziegler v. Martin,* 47 Fed.Appx. 336, 337 (6th Cir.2002). Because filing a request for a declaratory ruling is not part of the MDOC's institutional grievance procedure, such action does not function as the exhaustion of administrative remedies required before the filing of a § 1983 suit.

### III.

For the foregoing reasons, the decision of the district court is affirmed.