**Ya–Insaan HETEP, Plaintiff–Appellant,**

v.

**KNOX COUNTY, TENNESSEE, et al., Defendants–Appellees.**

No. 02–5431.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; RYAN, Circuit Judge; and COHN, District Judge.*

*ORDER*

Ya–Insaan Hetep appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Hetep sued Knox County (Tennessee) and several county correctional officials, alleging that the defendants improperly classified him to maximum security status and denied him adequate exercise. Upon consent of the parties, the case was transferred to a magistrate judge for final disposition. The district court concluded that Hetep had not administratively exhausted his claims and dismissed the case without prejudice. In this timely appeal, Hetep moves for the appointment of counsel.

Upon review, we conclude that the district court properly dismissed Hetep's claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

Hetep did not exhaust the administrative remedies for his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000). "In the absence of particularized averments concerning exhaustion showing

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

Hetep failed to exhaust the administrative remedies for his claims. Although Hetep did provide copies of several grievances to the district court, only one of these grievances, from May 1999, was submitted to prison authorities before Hetep filed his complaint in October 1999; Hetep submitted the remaining grievances to prison authorities after he filed his complaint. Since a prisoner cannot exhaust his remedies during the pendency of the action, *Freeman*, 196 F.3d at 645, the remaining grievances do not establish a proper exhaustion of Hetep's remedies. While Hetep has provided on appeal several other grievances that he submitted to prison authorities before he filed his complaint, this court will not consider them for the first time on appeal because Hetep did not present these grievances to the district court. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

As to the May 1999 grievance, Hetep has not demonstrated that it is related to the subject matter of his present suit. Hetep filed this grievance against a Sgt. Parker for an incident that occurred on May 18, 1999. However, Hetep did not name Parker as a defendant when he filed this suit. While Hetep subsequently did amend his complaint and added Parker as a defendant, he only challenged a November 1999 search of his cell in the amended complaint. No mention was made of the May 1999 incident. Consequently, the May 1999 grievance does not assist Hetep in establishing that he exhausted his administrative remedies.

Lastly, Hetep argues that the exhaustion requirement should not be applied to him because the requirement was not in place at the time he filed his complaint. Hetep is mistaken. The requirements of § 1997e(a) were implemented as part of the Prison Litigation Reform Act and took effect on April 26, 1996. *Brown*, 139 F.3d at 1104. Therefore, the exhaustion requirement was in effect well before Hetep filed his present action.

Accordingly, this court denies Hetep's motion for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.