opportunity to fulfill the requirements of *Brown*, which they did not do.  We, therefore, simply hold here that where the allegedly "mixed" complaint does not carry out the pleading requirements set forth in *Brown*, it will be dismissed.

**2.   Plaintiffs contend that they have no "available remedy" because they seek monetary damages.**  The complaint seeks declaratory, injunctive and monetary relief and plaintiffs contend that their request for monetary damages, which are not available under the Michigan system, exempts them from the exhaustion requirement.  Where the prison has an administrative process that will review the complaint, plaintiff must exhaust even though money damages are not available.  *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999).

**3.   Plaintiffs assert that claims of excessive force or assault by prison guards do not fall within the term "prison conditions" as used in the Prison Litigation Reform Act.**  *Freeman v. Francis*, 196 F.3d 641, 642-44 (6th Cir. 1999), decides this issue against plaintiffs' contention.

Accordingly, the judgment of the District Court is AFFIRMED.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0202P (6th Cir.)
File Name:  00a0202p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

DEMETRIUS KNUCKLES EL;
ERRICK E. PAYTON-BEY;
MICHAEL VAUGHN,
    *Plaintiffs-Appellants,*

    *v.*

RAYMOND G. TOOMBS,
Warden, et al.,
    *Defendants-Appellees.*

No. 98-2181

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 97-00362—Robert Holmes Bell, District Judge.

Submitted:  May 2, 2000

Decided and Filed:  June 15, 2000

Before:  MERRITT, JONES, and CLAY, Circuit Judges.

————————

### COUNSEL

**ON BRIEF:** Demetrius Knuckles El, Ionia, Michigan, Errick E. Payton-Bey, Ionia, Michigan, Michael Vaughn, Ionia, Michigan, pro se.   Mark W. Matus, MICHIGAN DEPARTMENT OF ATTORNEY GENERAL,

CORRECTIONS DIVISION, Lansing, Michigan, for Appellees.

————————————

**OPINION**

————————————

MERRITT, Circuit Judge.  This prisoners' appeal in a § 1983 prison assault case is governed by 42 U.S.C. § 1997e requiring exhaustion of administrative remedies.  Plaintiffs, all inmates at Ionia Maximum Facility in Ionia, Michigan, allege that on numerous occasions between October 12, 1995, and March 18, 1997, defendants violated their rights under the First, Eighth and Fourteenth Amendments by using excessive force and engaging in "retaliatory harassment."  Plaintiffs concede that they have not exhausted all available administrative remedies but argue that their complaint should not be dismissed because some of the claims have been exhausted and exhaustion is not necessary for the unexhausted claims.  The issues before us are as follows:

**1.  Plaintiffs contend that their cases should not be dismissed because their complaints contain both exhausted and unexhausted claims.**  We reserve to another day the question of whether exhausted claims in a "mixed" complaint should be addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety.  The complaint here does not meet the pleading requirements set forth in *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998), and it was therefore properly dismissed.  In *Brown*, we held that the statutory language in 42 U.S.C. § 1997e(a)[1] -- "no action shall be brought until all available

————————————

[1]Section 1997e(a), as amended, provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other

administrative remedies are exhausted" – "should be interpreted to mean precisely what is obviously intended – that a federal court should not prematurely decide the merits of any such action." *Id.*  We held that in order to effectuate this language, a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

District courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits or decline under the mandatory language of § 1997e ("No action shall be brought . . . .").  In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.  There are thousands of these cases in the Sixth Circuit district courts every year and approximately one thousand in the court of appeals.  In the absence of specific averments, a district court must hold an evidentiary hearing or otherwise spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits.

Here, plaintiffs simply state in their complaint that certain claims have been exhausted without  providing the documentation or other details required by *Brown*.  There are none of the particularized averments necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims.  Accordingly, the district court properly dismissed the entire complaint without prejudice after allowing plaintiffs a full

————————————

correctional facility until such administrative remedies as are available are exhausted.