Corbett HUMPHRIES, Plaintiff–Appellant,

v.

Darlene SMITH, Brian Beggrow, and Dr. Leon Hughes, Defendants–Appellees.

No. 99–4517.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before SILER, MOORE, and CLAY, Circuit Judges.

SILER, Circuit Judge.

Plaintiff Corbett Humphries appeals the district court's dismissal of his civil rights action under 42 U.S.C. § 1983 against Defendants Health Care Administrator Darlene Smith, R.N., Correctional Officer Brian Beggrow, and Dr. Leon Hughes, a prison physician. First, Humphries argues that the district court erred in dismissing his claims against Smith and Beggrow for failure to exhaust his administrative remedies. Second, he argues that the lower court erred in granting summary judgment on his Eighth Amendment claim of deliberate indifference to serious medical need against Dr. Hughes. We AFFIRM the district court's grant of defendants' motion to dismiss or, in the alternative, for summary judgment as to all of Humphries's claims.

## I. BACKGROUND

Humphries underwent surgery for carpal tunnel syndrome in his left wrist in 1996. When the symptoms of pain and numbness reoccurred, he was diagnosed with carpal tunnel syndrome in his right wrist and residual carpal tunnel in his left wrist. His treating physician stated that Humphries was "disabled from repetitive or forceful grasping in either hand,"

"should avoid jobs that require pushing, pulling or twisting with either hand," and "should wear bilateral wrist and elbow braces if he attempts to work within these restrictions."

In February 1998, Dr. Hughes examined Humphries at the Pickaway Correctional Institution after Humphries's transfer from another state correctional facility. The doctor provided a six-month bottom bunk assignment and a six-month light duty work order restricting Humphries's weight lifting capacity to no more than fifteen pounds. He also canceled an orthopedic clinic consultation ordered by a prior examining prison physician.

Humphries alleges that he was seriously injured on September 4, 1998, when Beggrow ordered him to lift a 100–pound mail crate despite his light work order. On September 9, Dr. Hughes diagnosed him with tendonitis and prescribed Motrin for the pain. Humphries alleges that Dr. Hughes failed to perform a physical exam or tests and refused to re-order the light duty restrictive pass, provide braces for Humphries's wrists and hands, or order any medication stronger than Motrin despite notice that it was ineffective in treating Humphries's pain.

On October 21, 1998, Humphries filed an informal complaint with Health Care Administrator Smith listing acts of maltreatment by Dr. Hughes and stating that he suffered injury from the work he was ordered to perform by Beggrow. Smith informed him that if he had continuing problems, he should sign up for a reassessment. Humphries subsequently filed administrative appeals with the Office of the Inspector of Institutional Services (OIIS) and the Division of the Chief Inspector as required by Ohio law. Each office affirmed Smith's initial recommendation that Humphries seek a reevaluation as his treating physician had determined that no additional treatment was necessary during the September exam.

On May 17, 1999, Humphries filed a separate grievance with the OIIS which included complaints against Beggrow regarding his September 1998 work injury and against Dr. Hughes for his inadequate treatment of the injury. The OIIS responded that these complaints were resolved by the previous grievance's disposition.

Subsequently, Humphries filed his § 1983 action against Dr. Hughes, Smith, and Beggrow in federal district court seeking monetary damages. Based on the defendants' motion to dismiss, or in the alternative, for summary judgment, the magistrate judge recommended dismissal of Humphries's claims against Smith and Beggrow as he failed to demonstrate the exhaustion of administrative remedies as required by 42 U.S.C. § 1997(e)(a). The magistrate judge also recommended summary judgment in favor of Dr. Hughes finding that Humphries's alleged facts were insufficient to establish deliberate indifference to serious medical need.

The district court adopted the magistrate judge's report and recommendations, and granted summary judgment to the defendants. Humphries then filed a motion to alter or amend judgment. While the district court denied the motion, it stated that Humphries correctly argued that he had exhausted his administrative remedies as to his claim against Smith, but he failed to present "any evidence from which a finder of fact could conclude that nurse Smith denied him medical care in violation of the Eighth Amendment."

## II. DISCUSSION

This court reviews the district court's grant of summary judgment *de novo. See*

*EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir.1999).

## A. Administrative Remedies

■ According to 42 U.S.C. § 1997(e)(a), a prisoner shall not bring a § 1983 action challenging prison conditions unless that individual has exhausted all available administrative remedies. *See also Brown v. Toombs,* 139 F.3d 1102, 1103 (6th Cir.), *cert. denied,* 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). Ohio Admin. Code 5120–9–31 outlines the administrative procedures and remedies available to state correctional inmates with grievances against prison staff. "[I]n order to effectuate [§ 1997(e)(a) ], a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000).

Humphries erroneously believes that the district court dismissed his claim against Smith for failure to exhaust administrative remedies. Though no explanation is given in the record, it appears the district court viewed the claim against Smith as "closely intertwined" with or arising in the context of the claim against Dr. Hughes, and thus found that the required administrative remedies had been exhausted. *See generally Wolff v. Moore,* 199 F.3d 324, 329 (6th Cir.1999). On appeal, Humphries does not address specifically the lower court's dismissal of the claim against Beggrow under § 1997(e). In his motion for reconsideration, however, he included a May 1999 grievance, filed three months after the initiation of this action, against Beggrow for

his actions in Humphries's September 1998 work injury.

Humphries's complaint contains administratively exhausted claims against Smith and Dr. Hughes, and an unexhausted claim against Beggrow. While this court has not yet decided whether a "mixed" complaint such as this should be dismissed in its entirety, *Knuckles El,* 215 F.3d at 642. 42 U.S.C. § 1997(e)(c)(2) states that a court may dismiss a § 1983 action if it fails to state a claim upon which relief can be granted without first requiring exhaustion of administrative remedies.

■ Humphries alleges that Beggrow violated his Eighth Amendment rights by forcing him to lift a 100–pound mail crate despite his medical condition and a light duty order restricting him from handling weights above fifteen pounds. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Humphries did not meet this burden. His light work duty pass expired on August 10, 1998, and the lifting incident involving Beggrow occurred on September 4, 1998. Thus, Beggrow did not ignore a medically related order as alleged by Humphries. In the absence of any further evidence or allegations of deliberate indifference by Beggrow, Humphries fails to state an Eighth Amendment claim against this defendant and thus it was properly dismissed by the district court. *See* 42 U.S.C. § 1997(e)(c)(2).

## B. Eighth Amendment Claims

■ "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104, 97 S.Ct. 285. "This conclusion does not mean, how-

ever, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 104–05, 97 S.Ct. 285. This court distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

■ Humphries alleges that Dr. Hughes failed to properly examine him for carpal tunnel syndrome, treated him abusively, canceled his appointment with a specialist, and refused to provide him with necessary medical care for his pain and medical condition after his September 1998 accident. In response, Dr. Hughes presents medical records and an affidavit detailing his physical examination of Humphries, his determination that the plaintiff could perform regular work duty, his diagnosis of tendonitis rather than carpal tunnel syndrome, and his treatment of the pain with Motrin.

■ Humphries presents a classic claim of medical malpractice as an allegation of deliberate indifference to serious medical need. *See Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285. Dr. Hughes assessed Humphries's condition, made a reasonable diagnosis, and provided a treatment. Despite Humphries's protests to the contrary, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Id.* at 107, 97 S.Ct. 285. At most, Humphries's allegations describe "an inadvertent failure to provide adequate medical care" which does not constitute deliberate indifference to serious medical needs. *Id.* at 105, 97 S.Ct. 285.

In regard to Smith, Humphries alleges that she failed to act on his behalf after notification of his inadequate medical care, and that she was instrumental and complicit in the cancellation of his orthopedic consult. If Dr. Hughes's diagnosis and treatment do not constitute deliberate indifference, Smith's reliance on information derived from Humphries's medical records regarding his February and September exams cannot constitute an Eighth Amendment violation. Thus, the district court did not err in granting summary judgment on the claims against both Dr. Hughes and Smith.

AFFIRMED.