**Hassan O. MUHAMMAD,**
**Plaintiff–Appellant,**

v.

**Reginald WILKINSON, et al.,**
**Defendants–Appellees.**

**No. 00–3272.**

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

**374**

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

### ORDER

Hassan O. Muhammad, also known as Carr Johnson, appeals pro se from the district court's dismissal of his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Muhammad filed an amended complaint, alleging that his constitutional rights were violated while he was incarcerated in an Ohio state prison. He primarily alleged that the defendants violated his First Amendment right to practice his religion by bringing false disciplinary charges against him, denying him due process at a disciplinary hearing, placing him in segregation and transferring him. The district court dismissed the case without prejudice on November 22, 1999, as the amended complaint did not show that Muhammad had exhausted all of his administrative remedies. *See* 42 U.S.C. § 1997e(a). Muhammad's motion for reconsideration was denied, and he now appeals.

The district court did not err by dismissing the case because Muhammad did not attach evidence of exhaustion to his amended complaint or specifically describe the administrative resolution of all of his claims. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied,* 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Muhammad now argues that the district court should have construed his pleadings liberally, but the court did treat his case liberally by allowing him to file an amended complaint. Moreover, our court clearly indicated that prisoners should attach documentary evidence of exhaustion to their complaints long before Muhammad's amended complaint was filed. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Muhammad also argues that the prison grievance procedure does not include a mechanism for exhausting claims regarding his disciplinary convictions. This argument lacks merit because Muhammad's disciplinary convictions were vacated and he was subsequently determined

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

to be not guilty on July 23, 1998. Thus, it appears that he is now entitled to file a grievance regarding his disciplinary charges, as such a grievance would not "act as an additional or substitute appeal" of those charges. OHIO ADMIN. CODE § 5120-9-31(C). Consequently, the district court properly dismissed the claims regarding Muhammad's disciplinary charges for lack of exhaustion.

 Finally, Muhammad argues that evidence regarding the exhaustion of his other claims was included in the attachments that he submitted in support of a motion for summary judgment. However, the district court was not required to consider matters beyond the pleadings in granting the defendants' motion to dismiss. Instead, the court acted within its discretion by finding that Muhammad's summary judgment motion was moot, without considering the numerous exhibits that were attached thereto. *See Curry v. Scott*, 249 F.3d 493, 503-04 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.