**Keman LaDon JONES, Plaintiff–Appellant,**

v.

**Rudy GOBBS; William Webb; Tracey Jones; Lisa Reynolds; Bobby Tillman; Kenneth Boyd; James Dukes; June Roark; John Does, 1–5; Jane Doe; Jim Rose; Norman Layne; Robert Henry; Alton Hesson, Defendants–Appellees.**

No. 00–6278.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.[*]

Keman LaDon Jones appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Jones alleged that the defendants violated his rights while he was incarcerated in a Tennessee prison. He alleged: 1) that prison guards assaulted him; 2) that a nurse provided inadequate medical care for his injuries; and 3) that a member of the disciplinary board was biased against him. The district court dismissed the case without prejudice on July 31, 2000, as the complaint did not clearly show that Jones had exhausted all of the administrative remedies that were available to him. *See* 42 U.S.C. § 1997e(a). Jones's motion for reconsideration was denied, and he now appeals.

Dismissal was appropriate because Jones did not include evidence of administrative exhaustion with his complaint or describe the exhaustion of his claims with particularity therein. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert.* denied, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Nevertheless, Jones now argues that the district court should have granted his motion for reconsideration because it included documentary evidence of exhaustion.

We review the denial of a motion to reconsider for an abuse of discretion. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir.1999). Reconsideration is warranted if there has been: 1) a clear error of law; 2) an intervening change in the law; 3) newly discovered evidence; or 4) a showing of manifest injustice. *Id.* at 834.

The district court did not abuse its discretion here. First, there was no legal error or change in the law regarding exhaustion between the time that Jones filed his complaint and motion for reconsideration. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Moreover, the motion to reconsider was not based on newly discovered evidence, as the documents that Jones submitted all existed prior to the filing of his complaint. *See Gen-Corp, Inc.*, 178 F.3d at 834. Finally, there was no manifest injustice because Jones's case was dismissed without prejudice. *See Curry v. Scott*, 249 F.3d 493, 503–04 & n. 4 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.