**Darrell W. PHILLIPS, Plaintiff–Appellant,**

v.

**Mark LUTTRELL, et al., Defendants–Appellees.**

No. 01–5754.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY,
Circuit Judges; CARR, District Judge.*

### ORDER

This is an appeal from a district court judgment sua sponte dismissing a pro se prisoner civil rights complaint for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tennessee inmate Darrell Phillips filed a civil rights complaint in which he attempted to hold several corrections officials ac-

countable for their parts in the alleged denial of Phillips's constitutional rights. The district court subsequently ordered the complaint dismissed without prejudice for Phillips's failure to demonstrate that he had exhausted internal administrative remedies as required by 42 U.S.C. § 1997e(a). Phillips took a timely appeal from this decision, an appeal that was not affected by Phillips's subsequent Fed. R.Civ.P. 60(b) motion for relief from judgment.

The district court dismissed Phillips's prisoner civil rights complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) because Phillips failed to show that he had exhausted institutional administrative remedies prior to filing the federal court action. This court reviews de novo a § 1997e(a) dismissal. *See, e.g., White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). A de novo review of the case at bar clearly shows that Phillips did not append the necessary documents to his complaint and it appears, from the post-judgment documents filed, that Phillips did not in fact file formal grievances on most of his claims prior to the filing of his federal action.

The district court docketed Phillips's complaint on February 22, 2001, nine days after the date Phillips certified that he delivered the complaint to prison authorities for mailing. Phillips names as defendants fourteen officers and employees at the Shelby County [Tennessee] Corrections Center for having violated his First and Eighth Amendment rights in a number of ways including providing an inadequate bed, improper medical attention and failure to honor his request for a pork-free diet. Phillips sought injunctive relief and attached to his complaints what purport to

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

be several hand-written prison grievances and one virtually unreadable official response to his dietary request. The district court promptly ordered the complaint dismissed on the authority of § 1997e(a) for Phillips's failure to exhaust his administrative remedies with respect to the claims raised. Phillips timely filed a notice of appeal from this decision followed by a Fed.R.Civ.P. 60(b) motion for relief from judgment to which he appended several official grievance forms. The district court denied the motion in a separate order.

■■■ The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. *Id.* To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach the appropriate documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). When a prisoner has filed a civil rights complaint in federal court without demonstrating that he has exhausted his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999); *Brown*, 139 F.3d at 1104.

The appeal lacks merit. It is apparent that the documents appended to Phillips's complaint are either hand-written papers with no official identification or a partially-illegible grievance form for the dietary complaint. The district court's actions not only complied with the dictates of § 1997e, but Phillips's later filing reflects that most

of his official attempts at exhaustion in this context occurred *after* he filed his complaint. The dismissal without prejudice means, of course, that Phillips is presumably free to refile once he can satisfy the exhaustion requirement.

Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.