or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (order). Because Smith only partially exhausted five of his claims and did not seek any administrative remedies as to another, the district court properly dismissed his complaint for lack of exhaustion.

Accordingly, we AFFIRM the district court's judgment, under Rule 34(j)(2)(C), Rules of the Sixth Circuit.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0277P (6th Cir.)
File Name: 02a0277p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

MICHAEL HENRY SMITH,
          *Plaintiff-Appellant,*

          *v.*                                    No. 01-6517

FEDERAL BUREAU OF
PRISONS,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 01-00106—Henry R. Wilhoit, Jr., District Judge.

Submitted: August 6, 2002

Decided and Filed: August 16, 2002

Before: KEITH and DAUGHTREY, Circuit Judges;
CARR, District Judge.[*]

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

_____

**COUNSEL**

_____

**ON BRIEF:** Michael Henry Smith, Yazoo City, Mississippi, pro se.

_____

**OPINION**

_____

PER CURIAM. Michael Henry Smith, a pro se federal prisoner, appeals a district court order dismissing his complaint filed under 28 U.S.C. § 1331 and the Settlement Agreement in *Washington v. Reno*, Lexington Civil Action Nos. 93-217 and 93-290, and also construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

*FACTUAL AND PROCEDURAL BACKGROUND*

Seeking equitable relief, Smith filed suit against the Federal Bureau of Prisons for violating the Settlement Agreement, which concerns prison telephone policy. Specifically, Smith asserted that: (1) the implementation of the ITS-II monitored phone system, which includes a monthly time limit and interruption of calls with prerecorded messages, lacks any penological objective; (2) new modifications do not make a specific allowance for 120 minutes of collect calls as required by the Settlement Agreement; (3) prisoners are required to pay for phone air time whenever the Bureau of Prisons interrupts with a repeated message that "this call is from a federal prison;" (4) prisoners are required to pay for phone air time while an announcement is made to the recipient at the beginning of an accepted collect call; (5) the system's requirement that a recipient accepting a call "push 5" violates

prisoners' right of access to the courts and governmental agencies where the receiving phone system is automated and cannot "push 5;" and (6) the Bureau of Prisons has not corrected, or reimbursed users for, a mechanical flaw which causes the system to continue billing after a call ends. Smith indicated that he had filed a grievance with the warden concerning all claims except the fifth and that he had not pursued any further administrative remedies. Upon consideration, the district court dismissed the complaint sua sponte pursuant to 42 U.S.C. § 1997e, reasoning that Smith had not fully exhausted his administrative remedies. Smith's motion for reconsideration was denied, and this timely appeal followed.

*DISCUSSION*

Smith argues that the district court wrongly dismissed the suit because the Settlement Agreement does not require a prisoner to pursue further administrative remedies after filing a grievance with the warden.

Smith is correct that the Settlement Agreement, approved on November 3, 1995, requires only one level of exhaustion. Section XIV, Subsection A of the Settlement Agreement requires an inmate to file a BP-9 form with the warden, but makes optional the filing of the BP-10 or BP-11 form with the Regional Director and General Counsel of the Bureau of Prisons. However, the Prison Litigation Reform Act of 1995, enacted April 26, 1996, requires a prisoner to exhaust all available administrative remedies before filing any federal lawsuit challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). This requirement applies to suits brought to enforce the Settlement Agreement and supersedes the Agreement's provision on exhaustion.

To demonstrate exhaustion of administrative remedies, the prisoner should attach the decision containing the administrative disposition of the grievance to the complaint,