**George FORD, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 02–1517.

United States Court of Appeals, Sixth Circuit.

Oct. 28, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.[*]

*ORDER*

George Ford, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

---

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Ford sued the Director (Martin) of the Michigan Department of Corrections, the Deputy Director (Bolden) of the MDOC, the Security Threat Group Coordinator (Mulvaney), and the Local Security Threat Group Coordinator (Dunn). Ford claimed that: 1) the defendants violated his due process and equal protection rights when they designated him a security threat group member (STG II) without a hearing, by treating him differently than other spiritual leaders of religious groups, and by confiscating his religious materials; 2) the defendants violated his First Amendment rights to free speech and free exercise of his religion when they confiscated his religious materials; 3) the defendants violated the Ex Post Facto Clause when they punished him for being a spiritual leader under laws that were more onerous than the laws in effect on the date of his "offense;" and 4) the defendants violated the Religious Land Use and Institutionalized Person Act, 42 U.S.C. § 2000cc–3, by coercing him to renounce his religion and confiscating his religious materials.

Upon review, the district court concluded that Ford did not exhaust his available administrative remedies with respect to his claims because the issues raised in his grievances were different from those asserted in his § 1983 complaint, and/or because he did not name the defendants in his grievances. Nonetheless, the district court dismissed Ford's first claim for failure to state a claim upon which relief could be granted, and it dismissed the remaining claims for lack of exhaustion. Ford has filed a timely appeal, essentially reasserting his claims. He also maintains that the district court improperly concluded that he had not exhausted his administrative remedies, and that he had not stated a cognizable claim because his STG II designation constituted a significant change in the conditions of his confinement.

The district court properly dismissed Ford's claims numbered 2–4 for failure to exhaust his administrative remedies. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). Ford did not exhaust the administrative remedies for these three claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000).

Ford failed to exhaust the administrative remedies for his claims numbered 2–4. Although Ford provided copies of three grievances to the district court, these grievances did not raise the same issues as those asserted in the second, third, or fourth claims of Ford's § 1983 complaint. Hence, the district court properly dismissed the complaint.

The district court also properly dismissed Ford's first claim. This court renders de novo review of a district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine

whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). To the extent that Ford has argued that the defendants improperly changed his security classification, such reclassification does not constitute an atypical and significant hardship on him because a prisoner has no right to a particular security level. *See Sandin v. Conner*, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). In addition, to the extent that Ford complains about not being permitted to work as a writ writer, this action does not constitute an atypical and significant hardship because Ford has no right to prison employment. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989). Finally, Ford did not present any facts sufficient to support a claim that the defendants treated him differently than other religious leaders whose groups posed a threat to prison security.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.