**Stephen Murry MITCHELL, Plaintiff–Appellant,**

v.

**A.C. GILLESS, Sheriff; Joseph Ponte, Security Chief; Sgt. Gavin; John Doe, Deputy Jailer; Macklin; Sgt. Holmes; Sgt. Harris; Lt. Walls; Bufford, Deputy Jailer; Captain Kinney; Captain Wilson, Defendants–Appellees.**

No. 02–5869.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and

LAY,* Circuit Judges.

## ORDER

Stephen Murry Mitchell, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Mitchell sued the Sheriff of Shelby County (Gilless), and numerous employees at the Shelby County Jail (SCJ), including the SCJ Security Chief (Ponte), two Sergeants (Gavin and Harris), two Detention Riot Team members (Macklin and Holmes), a Lieutenant (Walls), two Deputy Jailers (Bufford and an unidentified John Doe), two Captains (Kinney and Wilson), a Grievance Inspector (Rodgers), and a Counselor (Dennie). Mitchell presented a myriad of allegations against these defendants, essentially claiming that: 1) the defendants violated his right to due process by denying him proper disciplinary hearings; 2) the defendants subjected him to intolerable prison conditions by depriving him of his property and denying him personal hygiene items; 3) the defendants used excessive force against him; 4) the defendants denied him access to sufficient legal materials; and 5) the defendants retaliated against him for "complaining" of the way the defendants had treated him. Upon review, the district court dismissed Mitchell's complaint against the "John Doe" defendant because the defendant had not been properly identified. The court dismissed the complaint against the remaining defendants because Mitchell did not establish that he had exhausted his administrative remedies.

Mitchell has filed a timely appeal, essentially reasserting his claims. He also requests the appointment of counsel.

Upon review, we conclude that the district court properly dismissed Mitchell's complaint, pursuant to 42 U.S.C. § 1997e(a), for lack of exhaustion. *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown,* 139 F.3d at 1104. To establish that he has exhausted his administrative remedies prior to filing suit, the prisoner should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000).

Mitchell has not met his burden of demonstrating that he fully exhausted all of his administrative remedies. Mitchell argued, in his complaint, that he had pursued his rights under the grievance system and that he had "exhausted" his remedies because he informed the prison officials that failure to respond in a timely fashion would "be deemed as exhaustion of plaintiff's administrative remedies." However, Mitchell has not attached any documentation revealing what particular claims were

* The Honorable Donald P. Lay. United States Circuit Judge for the Eighth Circuit, sitting by designation.

presented in the grievances or any response to such claims. Nor has he described with specificity the administrative proceedings concerning his grievances. Hence, the district court properly dismissed the complaint.

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.