**Victor L. TAYLOR, Plaintiff–Appellant,**

v.

**Sue BARNS, et al., Defendants–Appellees.**

Nos. 02–5591, 01–5779.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.[*]

*ORDER*

Victor L. Taylor, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 25, 2002, Taylor filed a complaint against the Carroll County, Tennessee Sheriff's Department, the Carroll County Sheriff, Carroll County Head Jailer Sue Barns, and Carroll County Jail Officers Neal, Judy, Jessee, Debbie, Josh, Ann Shields, Robert Glidwell, and Melissa Sides. Taylor alleged that on May 26, 2001, while he was detained at the Carroll County Jail ("CCJ"), Glidwell "placed [him] in a Drunk Tank Isolation Cell after removing [him] from [his] regular housing." Taylor alleged that, approximately four hours later, he was "pepper sprayed with mace" by an unidentified deputy sheriff, left alone, and forced "to use filthy toilet water to rince [*sic*] [his] eyes, nose, and mouth." According to Taylor, Officer Debbie subsequently removed his wet clothes, ordered him to sleep in his wet underwear on the concrete floor, and refused to provide him with dry clothes or blankets. Taylor also alleged that he was denied due process prior to being "isolated and maced" and, following the incident, was denied medical attention for forty-nine hours.

On April 4, 2002, the district court dismissed Taylor's complaint without prejudice for failure to exhaust administrative remedies. Following the district court's judgment, Taylor filed a document which the district court construed as a notice of appeal pertaining to the April 4, 2002, judgment. Taylor then filed a "Motion for Appeal of Judgment." On May 17, 2002, the district court denied Taylor's post-judgment motion as moot since the court had construed his previously-filed document as a notice of appeal. Taylor filed a notice of appeal from the district court's May 17, 2002, order.

Taylor's appeal from the district court's April 4, 2002, judgment has been docketed in this court as case number 02–5591. Taylor's appeal from the district court's May 17, 2002, order has been docketed in this court as case number 02–5779. The cases have not been consolidated. On September 11, 2002, Taylor filed a brief bear-

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

ing only case number 02–5779. As a result, case number 02–5591 was dismissed for want of prosecution because Taylor did not file a timely brief bearing that case number. However, a review of Taylor's brief indicates that he intended to appeal the district court's April 4, 2002, judgment. Thus, in light of the contents of Taylor's brief and his pro se status, we order case number 02–5591 to be reopened, the brief filed in case number 02–5779 to be filed in case number 02–5591 as well, and consolidation of the two cases.

We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642.

Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt,* 193 F.3d at 879;

*Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Taylor's complaint without prejudice for failure to follow the mandatory exhaustion requirement, as Taylor failed to demonstrate that he had exhausted his administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Taylor specifically indicated in his complaint that he did not file a grievance concerning the events alleged in his complaint.-Because-Taylor made no attempt to exhaust the claims raised in his complaint, the complaint was subject to dismissal. The arguments raised by Taylor on appeal do not compel a different result.

Taylor has waived appellate review of the district court's May 17, 2002, order denying his post-judgment motion because his appellate brief does not contain any argument as to why the district court's denial of his motion was improper. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Accordingly, the district court's April 4, 2002, judgment and May 17, 2002, order are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.