### Albert BOMER, Plaintiff–Appellant,

v.

### Dr. DUNN–HANSEN, Defendant–Appellee.

### No. 03–1467.

United States Court of Appeals, Sixth Circuit.

Oct. 27, 2003.

Albert Bomer, Carson City, MI, pro se.

Before BOGGS, Chief Judge; GIBBONS, Circuit Judge; and GWIN, District Judge.*

### *ORDER*

Albert Bomer, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Bomer filed a one-page complaint against Dr. Dunn–Hansen. Bomer alleged that Dr. Dunn–Hansen violated his rights under the Eighth and Fourteenth Amendments when he failed to treat Bomer for syphilis and tuberculosis. The district court granted Bomer in forma pauperis status, screened the complaint, and dismissed the complaint for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e. The district court also denied Bomer's motion to add the prison warden as a defendant.

In his appeal, Bomer reasserts his district court claims. He does not address the issue of exhaustion of administrative remedies.

This court reviews de novo a district court's interpretation of the Prison Litigation Reform Act (PLRA). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other fed-

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

eral law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, irrespective of the forms of relief sought. *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Upon review, we conclude that the district court properly dismissed Bomer's complaint for failure to exhaust administrative remedies. Bomer alleged that he was denied medical treatment, but did not allege or show that he attempted to resolve the matter through the prison grievance system before filing suit in federal court. Bomer did not attach copies of any grievances to his complaint, nor did he describe any administrative proceeding. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). Because Bomer did not meet his burden of demonstrating that he exhausted his administrative remedies, dismissal was appropriate. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.