**Robert Farrington TRUSS–EL,**
**Plaintiff–Appellant,**

v.

**Bob BRADLEY, et al., Defendants–**
**Appellees.**

No. 03–1444.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2003.

**426**

Robert Farrington Truss-El, pro se, Marquette, MI, for Plaintiff–Appellant.

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

## ORDER

Robert Farrington Truss–El, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Truss–El sued Resident Unit Officer (RUO) Bob Bradley, RUO Sego, RUO Pinkerton, Sergeant Lee, Resident Nurse Linda Maki, Grievance Coordinator Wayne Trierweiler, Resident Unit Manager C. Bauman, Warden Barbara Bouchard, and Deputy Warden D. Bergh. Truss–El alleged that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments when Bradley and Sego used excessive force against him, Maki refused to give him medical treatment, and the remaining defendants failed to prevent the assault and failed to investigate his grievances. The district court granted Truss–El in forma pauperis status, screened the complaint, and dismissed the complaint under provisions of the Prison Litigation Reform Act (PLRA). The court held that Truss–El did not show that he exhausted his administrative remedies against Bradley and Sego, and that his allegations against the remaining defendants did not state Eighth Amendment claims. The district court also denied Truss–El's motion to alter or amend the judgment.

On appeal, Truss–El reasserts his district court claims, and argues that prison officials denied him access to the grievance procedure. He has also moved for a temporary restraining order.

This court reviews de novo a district court's interpretation of the PLRA. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon review, we affirm the district court's judgment for the reasons stated by the district court. In his complaint, Truss–El alleged that, on July 31, 2002, Sego and Bradley used excessive force against him while transferring him from the shower to his cell. He wrote that they used handcuffs to twist his arms, punched him in the face and body, and stomped on him. According to Truss–El, Maki treated his facial lacerations after the incident but ignored his requests to be taken to the hospital emergency room. A doctor examined Truss–El on August 1, 2002, and ordered x-rays. The x-rays were taken on August 5, and revealed fractures to two of Truss–El's ribs. Truss–El claimed that Lee, Trierweiler, Bauman, Bouchard, and Bergh were aware of prior abusive behavior by Sego and Bradley but failed to protect him. He suggested that the defendants acted out of retaliation for griev-

ances he had filed. Truss–El did not mention Pinkerton in the body of the complaint.

The district court properly held that Truss–El failed to show that he exhausted his administrative remedies against Bradley and Sego. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Truss–El attached to his complaint several grievance forms. He filed a Step I grievance complaining that Maki denied him medical care, but did not attach copies of either a Step II or Step III appeal from the denial of that grievance. The remaining forms attached to the complaint had nothing to do with this case. Truss–El failed to carry his burden of demonstrating that he exhausted his administrative remedies. *See Knuckles–El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (per curiam). Thus, dismissal of the complaint was appropriate. *See* 42 U.S.C. § 1997e(c); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997) (order).

We also conclude that the district court properly dismissed Truss–El's complaint against the remaining defendants for failure to state a claim. Maki treated Truss–El's facial lacerations, and her failure to detect his cracked ribs constituted negligence at most. Negligence in medical treatment does not amount to an Eighth Amendment claim. *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995). Truss–El's allegations amounted to no more than a difference of opinion concerning his diagnosis and treatment. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

As for Lee, Trierweiler, Bauman, Bouchard, Bergh, and Pinkerton, Truss–El did not allege that they were involved in the alleged assault or had actual knowledge that the attack would occur. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). These defendants cannot be held liable for the actions of others. *See id.; see also Knight v. Gill,* 999 F.2d 1020, 1022 (6th Cir.1993) (no claim stated given lack of actual knowledge that threat was imminent and extreme); *Gibson v. Foltz,* 963 F.2d 851, 853–54 (6th Cir.1992) (negligence in performing duties that may have prevented inmate assault is insufficient to state a claim).

The district court properly held that Truss–El failed to exhaust his administrative remedies against Sego and Bradley, and properly held that Truss–El's complaint failed to state a claim against the remaining defendants. For the foregoing reasons, we deny the motion for a temporary restraining order and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.