Ronald COOPER, Plaintiff–Appellant,

v.

William S. OVERTON, et al.,
Defendants–Appellees.

No. 03–1625.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Ronald Cooper, pro se, Baraga, MI, for Plaintiff–Appellant.

Before COLE and CLAY, Circuit
Judges; and COLLIER, District Judge.*

### ORDER

Ronald Cooper, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 11, 2003, Cooper filed a complaint against the following officials employed by the Michigan Department of Corrections: William S. Overton, M. Powell, D. Edlund, W. Luetzow, B. Luetzow, D. Ezrow, J. Yankovich, J. Jackola, S. Morrow, P. Nicholson, K. Truesdell, M. Healey, D. Huhta, K. Erkkila, M. Vertanen, Ty Hyatt, T. Hares, T. Recker, S. Kutchie, R. Glenn, L. Miller, J. Ansell, T. Chosa, C. Hyrhas, H. Nancy, B. Kotila, G. Burnett, C. Hodo, and T. Carlyon. Relying upon the Eighth Amendment, Cooper alleged that the defendants used excessive force against him by spraying him with a chemical agent during the application of physical restraints. Following the incident, Cooper alleged that he was placed on suicide watch, placed in top of bed restraints, and denied adequate medical treatment. Cooper alleged that the defendants also "use[d] force to penetrate a dirty use infectious needle to use to draw blood from [him]." Cooper also alleged that the defendants withheld his food trays in an "attempt to starve him to death" and that when they did provide him with food trays, they "place[d] hepatitis diseases into [his] food." Cooper requested monetary and injunctive relief.

The district court dismissed Cooper's complaint without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e. Cooper's motion for reconsideration, which was construed by the district court as a Fed. R.Civ.P. 59(e) motion to alter or amend judgment, was denied. Cooper's second motion to reconsider, which the district court construed as a Fed.R.Civ.P. 60(b) motion for relief from judgment, and his motion to amend and correct his complaint were also denied. Cooper has filed a timely appeal.

We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

The Prison Litigation Reform Act requires prisoners desiring to bring civil

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Upon review, we conclude that the district court properly dismissed Cooper's complaint without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999); *Brown,* 139 F.3d at 1104. Cooper failed to demonstrate that he had exhausted his administrative remedies as to each of the claims raised in his complaint against each of the defendants prior to filing suit in federal court. Even if Cooper did file a grievance, there is no evidence that such grievance concerned the events of which the instant action complains or was filed against any of the named defendants.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.