**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0102n.06
Filed: February 9, 2006

**No. 04-2326**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STEPHANALE ADAMS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| WILLIE O. SMITH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SILER, BATCHELDER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge.  Plaintiff Stephanale Adams filed suit under 42 U.S.C. § 1983 alleging that defendant Willie Smith, the warden where Adams is incarcerated, violated his Equal Protection and Free Exercise rights by refusing to allow Adams to participate in the kosher meal program at the prison.  Adams appeals the district court's grant of summary judgment to Smith and dismissal of Adams's complaint with prejudice.  We VACATE the district court's decision and REMAND with instructions to DISMISS without prejudice.

**BACKGROUND**

On February 5, 2003, Adams, a prisoner in the Ionia Maximum Correctional Facility, completed a Declaration of Religious Preference form declaring his "religious faith group" as Judaism.  Adams proceeded, on April 17, 2003, to submit a request to his warden, Smith, to be placed on the facility's kosher meal program.  After an interview on April 30 concerning the request,

it was denied on May 9.  Pursuant to Michigan Department of Corrections ("MDOC") Policy

Directives, Adams filed a Step I grievance with prison authorities on July 29, 2003, arguing that the

decision to deny him a kosher meal violated his First Amendment rights.  This grievance was denied

by prison officials and returned to Adams on August 25, 2003.  On September 29, Adams filed a

formal complaint with Prisoner Affairs alleging that he had not yet received an answer to various

Step II grievances he had filed.

On November 17, 2003, Adams filed this suit against Smith alleging violation of his Free

Exercise and Equal Protection rights in the prison's refusal to allow him to participate in the kosher

meal program.  Smith immediately filed a motion for summary judgment, while Adams filed a

motion to amend his complaint in order to add additional parties.  The district court denied Adams's

motion to amend, granted Smith's motion for summary judgment, and dismissed Adams's complaint

with prejudice.

While this suit was pending in district court, Adams continued to file grievances concerning

this issue with MDOC.  The record contains numerous grievance forms and letters that Adams sent

to various prison authorities after the institution of this suit and the responses from those authorities.

## DISCUSSION

### 1. Exhaustion

One ground for the dismissal of Adams's complaint was that he had "failed to properly

exhaust his claims."  We review *de novo* a dismissal for failure to exhaust administrative remedies

under 42 U.S.C. 1997e.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Section 1997e, known

as the Prison Litigation Reform Act ("PLRA"), "requires that a prisoner must exhaust administrative

remedies before filing suit in the district court." *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

"The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted and the

prisoner must attach documentation to the complaint as proof. Exhaustion is not jurisdictional; it

is mandatory, even if proceeding through the administrative system would be 'futile.'" *Id.* (citations

omitted). Adams clearly falls under this exhaustion requirement since he is a prisoner who is

suing under § 1983 and challenging prison conditions.

MDOC Regulations set out a "Grievance Process" to provide prisoners "with an effective

method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions

of confinement." MDOC Policy Directive 03.02.130 Policy Statement. The total grievance process,

from filing a Step I grievance to providing a Step III response, should normally be completed within

90 calendar days. MDOC Policy Directive 03.02.130(U). Furthermore, in order to pursue a

grievance "which has not been responded to by staff within required time frames," the grievant is

required to "forward the grievance to the next step of the grievance process within ten business days

after the response deadline expired." MDOC Policy Directive 03.02.130(R).

In this case, the primary exhaustion issue deals with Step III. Although Adams asserts that

he has "exhausted his available administrative remedies," including sending "Step III grievances to

Prisoner Affairs," he attaches no copy of a Step III administrative disposition to his complaint.

Despite this, a plaintiff's burden of proof can be satisfied with "particular averments" that "describe

with specificity the administrative proceeding and its outcome" in the absence of written

documentation. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Adams claims that he

submitted a Step III grievance to the appropriate authority, but received no response. To support

his claim, he attaches as evidence a formal complaint he submitted to Prisoner Affairs. In it, he states, "On 3/10/04 I sent in the Following 4 Step III grievance appeal[s]." The timing of this admission is significant, however, given that Adams filed his § 1983 complaint with this court on November 17, 2003. We have stated:

> While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statute makes exhaustion a precondition to filing an action in federal court ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted).

The record is replete with further evidence tending to show that Adams, despite his assertions, in fact never filed a Step III grievance procedure prior to institution of this federal suit. First, in his original federal complaint, Adams indicated that he never appealed to Step III because the prison "never sent the Step II appeal back after [he] requested it." However, a prisoner is not required to wait for a response concerning a filed grievance before moving forward with that grievance in the process. MDOC Policy Directive 03.02.130(V). Although *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance," that case is distinguishable because the plaintiff there "was required to wait for a grievance officer to make a decision regarding his formal grievance before he could appeal." That is not the case here since MDOC expressly permits an appeal in the absence of a decision.

In addition, the record also includes numerous letters from Prisoner Affairs stating that it had not yet received any of Adams's grievances. Furthermore, Adams seems to contradict his assertion that he filed a Step III grievance by stating that he was "unable to appeal to Step II and/or Step III because the Department either" would not send him the forms or would not respond to his grievances. Ultimately, given the contradictions in Adams's story, his lack of specificity about when he allegedly filed any Step III claims, and the vast weight of the evidence in the record against him, Adams's complaint does not contain the "particularized averments necessary for the district court to determine what, if any, claims have been exhausted." *Knuckles El*, 215 F.3d at 642. Although we recognize that Adams made some attempt to go through the prison's grievance procedures, he has failed to prove that he exhausted those administrative remedies as required under the PLRA.

## 2. Disposition

The district court dismissed Adams's complaint with prejudice. Given the finding that Adams failed to meet the PLRA's requirement of exhaustion, this disposition of the case was in error. As we have stated, we will not "process or decide the merits of any case on appeal that does not comply with the [PLRA]. Unless the record demonstrates that the requirements of the statute have been satisfied, the appeal should be dismissed without prejudice for failing to satisfy the exhaustion of available state remedies requirement." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

Accordingly, the judgment of the district court is VACATED and the case REMANDED to the district court with instructions to DISMISS the case without prejudice.

No. 04-2326
Adams v. Smith