**Eric Bernard HOWARD, Plaintiff–Appellant,**

v.

**C. SHERFIELD, Transportation Officer; Mark Russell, Transportation Officer, Defendants–Appellees.**

**No. 02–5514.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before MARTIN, Chief Circuit Judge; NELSON, and GILMAN, Circuit Judges.

### *ORDER*

Eric Bernard Howard, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Howard filed a complaint against Corporal C. Sherfield

and Corporal Mark Russell, transportation officers employed by the Tennessee Department of Corrections. Howard alleged that, on July 17, 2000, he was attacked and beaten by Sherfield for approximately five to ten minutes while he was "boxed handcuffed from the waist down in a secured area of the transportation bus." Howard alleged that Russell "pulled [Sherfield] off of" him and when Sherfield and Howard began fighting again, Russell "pushed defendant Sherfield back and dumped [Howard] down in the seat causing [Howard's] head to hit the railing on the seat." As a result of the incident, Howard alleged that he suffered injuries to his arms, lower back, and head.

The district court dismissed Russell as a defendant upon concluding that Howard's claims against Russell were frivolous. A magistrate judge subsequently filed a report recommending dismissal of the case without prejudice for failure to exhaust administrative remedies. Over Howard's objections, the district court dismissed the case without prejudice in accordance with the magistrate judge's recommendation. Howard has filed a timely appeal in which he challenges the dismissal of his case for failure to exhaust administrative remedies. He does not contest the district court's dismissal of Russell as a defendant.

We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001).

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642.

Before the district court adjudicates any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999); *Brown,* 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104.

Upon review, we conclude that the district court properly dismissed Howard's complaint without prejudice for failure to follow the mandatory exhaustion requirement, as Howard failed to demonstrate that he had exhausted his administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Freeman,* 196 F.3d at 645; *Brown,* 139 F.3d at 1104. Even though Howard may have filed a grievance against Sherfield, there is no evidence that he pursued that grievance through the final stage of the administrative review process in order to exhaust his administrative remedies. A prisoner cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-

barred under the regulations." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). The arguments raised by Howard on appeal do not compel a different result.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.