Henry A. HOLDCROFT,
Plaintiff–Appellant,

v.

Michael R. HETZEL, Sheriff, Wyandot
County; Walp, Deputy, Defendants–
Appellees.

No. 02–4067.

United States Court of Appeals,
Sixth Circuit.

June 12, 2003.

Before: BATCHELDER and CLAY,
Circuit Judges; and SCHWARZER,
District Judge.[*]

*ORDER*

Henry A. Holdcroft, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Holdcroft sued Michael R. Hetzel, Sheriff of Wyandot County, for violating his Eighth Amendment rights by failing to maintain the Wyandot County Justice Center in a safe, hygienic condition and for failing to provide medical care. While in jail awaiting transfer to a state prison, Holdcroft developed rashes and ringworm, slipped in the shower and injured his knee, and attempted to hang himself in his cell. Holdcroft attributed these problems to dirty sleeping

---

[*] The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

mats, a lack of shower mats, and Hetzel's failure to provide recommended counseling. Holdcroft also noted that meals were served exceedingly cold. The district court initially dismissed the action for failure to exhaust administrative remedies, but reinstated it after Holdcroft moved to reconsider on the grounds that the sheriff had orally refused to provide counseling and grievance forms and that no grievance system existed. The sheriff then moved for summary judgment, arguing in part that a grievance system existed in the jail and Holdcroft had merely failed to use it. The district court granted the motion, finding that Holdcroft had failed to submit any evidence "beyond his own self-serving affidavit stating that either the policy did not exist or he was denied access to it."

In his timely appeal, Holdcroft essentially reasserts his claims and moves for miscellaneous relief. He also argues that he had used all available grievance procedures and that the district court erred by staying discovery. Hetzel has filed a brief, arguing that Holdcroft cannot challenge the district court's order staying discovery because he did not list it in his notice of appeal. *See Klemencic v. Ohio State Univ.*, 263 F.3d 504 (6th Cir.2001)

■ As an initial matter, we pause to consider Hetzel's argument and conclude that Hetzel's reliance on *Klemencic* is misplaced. *Klemencic* applies to the converse situation and stands for the proposition that a plaintiff who has merely listed a non-final order on a notice of appeal limits his appeal to that order and cannot also appeal the final judgment. *See id.* at 509. *Klemencic* did not affect this court's long standing rule that an appeal from a final judgment draws into question all prior nonfinal rulings and orders. *See Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994); *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir.1992); *Cattin v. General*

*Motors Corp.*, 955 F.2d 416, 428 (6th Cir. 1992).

Upon de novo review, we conclude that the district court wrongfully dismissed the action for lack of exhaustion. *See* Fed. R.Civ.P. 56(c); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995).

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

■ Review of the record reveals that Holdcroft exhausted his available administrative remedies as to his claim that Hetzel denied him mental health counseling, but not as to his other claims. In his "motion for reconsideration ... in aff[i]davit form," Holdcroft stated with specificity that the

sheriff made the following three statements to him about providing counseling: "I'm in contro[l] here and I do not want you to have counseling and I won't pay for it;" "I'm the boss and you are just a[n] inmate, who's word the court's take any way?"; and "The doctor at the hospital can't tell me how to run my jail." When Holdcroft then asked for forms to file to get treatment, the sheriff allegedly responded by stating, "I'm the boss here and there is no other person higher to go to but me." Holdcroft did not allege any attempt to exhaust his other claims.

Hetzel failed to meet his initial burden of showing an absence of evidence to support Holdcroft's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). First, in his affidavit attached to the summary judgment motion, the sheriff did not deny that the above conversation had occurred, nor did he otherwise comment on it. Second, the jail grievance policy allows for exhaustion by orally contacting the offending staff member or by submitting a written grievance with the jail administrator. The only appeal permitted is to the sheriff. Once Holdcroft spoke to the sheriff about getting counseling and his request was denied, it would have been futile for him to then appeal that decision to the sheriff. Thus, Holdcroft has demonstrated substantial compliance with the jail's exhaustion policy.

As the district court has not considered the merits of the action, we decline to affirm the district court's judgment on another basis and we leave it for the district court to consider in the first instance whether Holdcroft has stated a claim. *See Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). We note, however, that Holdcroft had repeatedly informed the prison that he suffered from depression and wanted treatment and that these records would have been available to the sheriff at the time the sheriff allegedly informed Holdcroft in person that he would not provide counseling.

We also decline to address Holdcroft's argument concerning discovery as he may renew his request for discovery upon remand.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed in part, vacated in part, and the action remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.