**Steven Ray CHANCE, Plaintiff–Appellant,**

v.

**Fred RANEY, et al., Defendants–Appellees.**

No. 01–6312.

United States Court of Appeals, Sixth Circuit.

June 17, 2002.

Before SILER and MOORE, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Steven Ray Chance, a Tennessee state prisoner, appeals pro se a district court order dismissing without prejudice his civil rights complaint for failure to exhaust administrative remedies. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chance filed this action against several employees of the Tennessee Department of Corrections. Chance complained that defendants had confiscated his property, convicted him of a disciplinary infraction for intimidating staff, arranged for another inmate to assault him, convicted him of

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

assaulting the inmate in question, placed him in segregation, transferred him to a different prison, and denied him access to the courts and medical treatment. The district court sua sponte dismissed the complaint without prejudice for failure to establish exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

On appeal, Chance argues that his complaint should not have been dismissed without notice and an opportunity to amend, that the district court judge was biased against him, and that he did exhaust his administrative remedies by appealing his disciplinary conviction for assault.

This court reviews dismissals under § 1997e(a) for failure to exhaust administrative remedies de novo. *Curry v. Scott*, 249 F.3d 493, 503–04 (6th Cir.2001). In order to demonstrate the exhaustion of administrative remedies, a prisoner is required to plead particular facts demonstrating complete exhaustion and attach copies of documents in support. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). De novo review of this record shows that Chance failed to demonstrate the exhaustion of administrative remedies. Contrary to his argument on appeal, his twenty-page complaint raised numerous claims both preceding and following his conviction of assault. Thus, his allegation that he had appealed that disciplinary conviction was insufficient to show that he had exhausted his remedies with regard to the numerous claims asserted in his complaint.

The remaining issues raised on appeal are without merit. This court has held that it is proper for a district court to sua sponte dismiss a complaint without prejudice for failure to exhaust administrative remedies. *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997). Chance's argu-ment that he should have been provided notice and an opportunity to amend is inconsistent with his argument that there was no need to amend. If he wishes to restrict his complaint to the disciplinary conviction for assault, the dismissal without prejudice allows him to file a new complaint restricted to that issue and attach the proper documents showing exhaustion. Chance's claim of judicial bias is wholly unsupported by any evidence other than the judge's ruling, which is not a proper basis for a claim of bias. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Accordingly, the district court's order dismissing this complaint without prejudice is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.