**Steven Ray CHANCE, Plaintiff–Appellant,**

v.

**James D. TODD, Judge, Defendant–Appellee.**

No. 02–6153.

United States Court of Appeals, Sixth Circuit.

Sept. 10, 2003.

Steven Ray Chance, pro se, Mountain City, TN, for Plaintiff–Appellant.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

### ORDER

Steven Ray Chance appeals a district court judgment that dismissed his civil rights complaint filed under the authority announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for lack of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e). The judgment also imposed restrictions on Chance's ability to file future actions in forma pauperis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chance filed his complaint in the district court alleging that the defendant, United States District Judge James D. Todd, improperly dismissed an earlier civil rights action Chance filed against Tennessee prison officials. Chance named Judge Todd in an unspecified capacity and sought compensatory and punitive damages. After Judge Todd recused himself from this latest complaint, District Judge Donald dismissed Chance's complaint sua sponte for lack of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e). In addition, Judge Donald ordered Chance to obtain leave of court before filing any future complaint. Chance filed a timely notice of appeal. On appeal, Chance contends that: (1) Judge Todd violated his rights in dismissing his earlier civil rights action: (2) Judge Donald dismissed his complaint only because the defendant is a fellow judge; and (3) Judge Donald sanctioned him ex post facto for prior lawsuits.

▮ Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment

for the reasons stated by the district court in its order filed November 13, 2001. First, Judge Todd plainly enjoys absolute immunity from suit for money damages for acts undertaken in his judicial capacity. *See Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Here, plaintiff alleged only that Judge Todd dismissed his earlier civil rights complaint, a judgment that this court affirmed on appeal. *See Chance v. Raney,* No. 01–6312, 2002 WL 1334768, 37 Fed.Appx. 760 (6th Cir. June 17, 2002). Under these circumstances, the district court correctly concluded that Chance's complaint is frivolous because he sought only damages from a defendant who is clearly immune from suit. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ Further, Chance's remaining claims on appeal lack merit. Chance makes only conclusory assertions that Judge Donald improperly dismissed his complaint. Chance does not cite any improper antagonism or bias that could constitute grounds for recusal. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Finally, the district court properly exercised its authority to issue an injunction to prevent Chance, a prolific litigant who has filed at least four frivolous lawsuits, from filing further actions without first obtaining leave of court. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987).

For the forgoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.