**Larry L. POINDEXTER,**
**Plaintiff–Appellant,**

v.

**William OVERTON; Paul Renico,**
**Warden, Defendants–**
**Appellees.**

No. 03–2529.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Larry L. Poindexter, St. Louis, MI, pro se.

Before KENNEDY and COOK, Circuit Judges; and HOOD, District Judge.*

### ORDER

Larry Lanell Poindexter, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Poindexter has filed a motion for counsel and a motion for miscellaneous relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Poindexter alleges that the defendant prison officials denied him due process in parole hearing procedures. He also alleges that the convictions for which he is currently incarcerated are the result of an illegal search and seizure and were obtained without sufficient evidence. Poindexter seeks injunctive and monetary relief.

The district court dismissed Poindexter's claim challenging his underlying conviction for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). The court dismissed the claims challenging parole procedures without prejudice because Poindexter failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). This appeal followed.

We review de novo a district court's decision to dismiss a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). In reviewing a dismissal of a complaint for failure to state a claim, the court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

■ Upon review, we conclude that the district court properly dismissed Poindexter's claim that his convictions were obtained pursuant to an illegal search and seizure and are not supported by sufficient evidence. In *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489–90. Poindexter has not successfully challenged the validity of his underlying convictions. Therefore, his claim is not cognizable in this § 1983 action.

We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

648

prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

■ Upon further review, we conclude that the district court properly dismissed Poindexter's claims challenging parole procedures without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999); *Brown,* 139 F.3d at 1104. Poindexter failed to demonstrate that he had exhausted his administrative remedies as to the claims regarding parole procedures in his complaint prior to filing suit in federal court. In fact, Poindexter specifically indicated in his complaint that he filed a Step I grievance regarding the matters raised in his complaint, but did not file Step II and III grievances. Additional Steps in the grievance system are available to Poindexter. *See* Michigan Dep't of Corr. (MDOC) Policy Directive 03.02.130. Addi-

tionally, while a prisoner may not file a grievance regarding the decision to deny parole, he may file a grievance regarding the alleged failure to follow the parole process. *See* MDOC Policy directive 06.05.104.XX. Because Poindexter made no attempt to exhaust his administrative remedies, his complaint is subject to dismissal.

Accordingly, all pending motions are denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.