**Dennis Michael BLAY, Plaintiff–Appellant,**

v.

**John REILLY, Head Supervisor JVP Industries; Richard Graham, Supervisor JVP; Charlie Pellitier, Supervisor JVP, Defendants–Appellees.**

No. 04–1347.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 2005.

Dennis Michael Blay, Limon Correctional Facility, Limon, CO, pro se.

Joseph Quintus Lynch, Danielle Leah Moore, Colorado Attorney General, Colorado Attorney General Office, Denver, CO, Defendants–Appellees.

Before HENRY, ANDERSON, and TYMKOVICH, Circuit Judges.

**ORDER AND JUDGMENT***

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Dennis Michael Blay, a prisoner at the Limon Correctional Facility in Colorado, appeals the district court's grant of summary judgment to defendants-appellees John Reilly, Richard Graham and Charlie Pellitier, supervisors in the prison sign shop where Mr. Blay worked. Mr. Blay brought suit against the defendants under 42 U.S.C. § 1983 alleging that they had violated his rights under the Eighth Amendment by not providing him with adequate ventilation, training, and equipment in connection with his work in the shop. Because Mr. Blay did not adequately plead that he exhausted his administrative remedies with regard to these claims, we must vacate the judgment of the district court and remand the case with directions that his complaint be dismissed without prejudice.

Section 1997e(a) of Title 42 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This court has held that although the exhaustion requirement of § 1997e(a) is not a jurisdictional bar, it is mandatory for all inmate suits regarding prison life. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207–08 (10th Cir. 2003). "[Section] 1997e(a) imposes a pleading requirement on the prisoner" that may not be waived, and "a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to

state a claim upon which relief may be granted." *Steele*, 355 F.3d at 1210 (quotation omitted).

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1).

■ The complaint in this case, which was originally filed by Mr. Blay and another plaintiff whose claims were subsequently dismissed, alleged:

> Both Plaintiffs have filed the appropriate steps in each grievance. See Attached Exhibits. To this date Plaintiffs['] Step III Grievances have not been answered or even acknowledged. The results have not been to the satisfaction of either Plaintiff[ ] and have been denied to this point. Refer to NATURE OF THE CASE for a more complete explanation.

R., Doc. 4 at 5. This is insufficient, however, because

> to satisfy the PLRA's exhaustion requirement, a prisoner must do more than allege that he has exhausted his administrative remedies. To state a claim for relief, a prisoner must (1) make a "short and plain statement of the claim," Fed.R.Civ.P. 8, and (2) "attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204,

---

orders and judgments; nevertheless, an order and judgment may be cited under the terms

and conditions of 10th Cir. R. 36.3.

1210 (10th Cir.2003) (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000)).

*Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir.2005) (alteration in original). Here, no exhibits were attached to the complaint and the referenced "nature of the case" section of the complaint simply stated:

> Plaintiffs have exhausted all available state administrative remedies available to them. Plaintiffs['] Step Three Grievance has not been answered as of this date, August 30, 2001. SEE AT-TACHED EXHIBITS.

R., Doc. 4 at 3c. Other parts of the complaint contained similar general allegations that all remedies were exhausted.[1]

■ Although this court has agreed in principal that a prison's failure to make a timely response to an inmate's grievance makes an administrative remedy unavailable, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002), the allegation in the complaint that "[p]laintiffs['] Step Three Grievance has not been answered as of this date, August 30, 2001," R., Doc. 4 at 3c, was clearly insufficient to support a claim that Mr. Blay had exhausted his available administrative remedies. The complaint did not allege what, if any, grievances other than the "StepThree Grievance" were submitted to the prison, what specific claims were contained in any submitted grievances, or whether the prison officials could have made a timely response to the alleged "Step Three Grievance" after August 30, 2001. Consequently, the complaint did not adequately plead that Mr.

Blay's available administrative remedies had been exhausted.

> Exhaustion is a pleading requirement rather than an affirmative defense. [A plaintiff's] failure to adequately plead exhaustion therefore amounts to a failure to state a claim upon which relief can be granted. When a prisoner fails to state a claim, the PLRA requires the court to dismiss the complaint sua sponte[.]

*Simmat*, 413 F.3d at 1238 (citations omitted). The rule, with a few exceptions not applicable here, is that dismissal for failure to exhaust should be without prejudice. *See Steele*, 355 F.3d at 1212–13.

The judgment of the district court is VACATED and the case is REMANDED to the district court with directions to dismiss Mr. Blay's complaint without prejudice.

Mr. Blay's Motion to Supplement the Record is DENIED as moot. Mr. Blay's motion to proceed on appeal without prepayment of fees is GRANTED, and we remind him that he is obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).

---

1. We note that in their answer, defendants "den[ied] that Plaintiffs ha[d] ... sought formal or informal relief from appropriate administrative officials." R., Doc. 26 at 6. The defendants further "den[ied] that Plaintiffs ha[d] ... sought administrative remedies related to [the claims at issue] and *den[ied] that* Plaintiffs ha[d] ... served exhibits attached to the Complaint." Id. (emphasis added). Defendants also listed failure to exhaust administrative remedies as one of their defenses in their answer, id. at 7, in the scheduling order, id., Doc. 57 at 3–4, and in the final pretrial order, id., Doc. 100 at 3–4.